# Hostetter *versus* Schalk.

In an action of trover and conversion to recover the value of three thousand barrels of oil, which the plaintiffs alleged that their agent had delivered to the defendant in payment of his own debt, the court ruled, that the agent being dead, the defendant was incompetent as a witness, under the Act of 1869. *Held* (reversing the court below), that he was competent.

October 9th 1877. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson, Woodward and Sterrett, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1877, No. 207.

[Hostetter *v.* Schalk.]

Trover and conversion by Emil Schalk, trading as Emil Schalk & Co., against David Hostetter, to recover the value of three thousand barrels of oil.

There was but one question passed upon by this court, and the facts bearing thereon are sufficiently stated in the opinion.

*John Barton,* for plaintiff in error.—Was Hostetter, the defendant below, a competent witness? If Hertz was the principal, then Hostetter was not a competent witness; but if, as the court below ruled, Hertz was a mere agent and Schalk was his principal, then Hostetter was competent. The whole theory of the plaintiff's case is that Hertz was a mere agent, and that the title to the vouchers in evidence was in Schalk, and that Hertz had no right of property in the same, or the oil represented thereby, but held them merely as agent. Is it the law that where two living parties are litigating, and the agent of one of them is dead or dies before trial, that the mouth of his adversary is closed as to all matters that transpired before the agent died? Here we call Hostetter, the defendant, as a witness. He is objected to as to all matters occuring before the death of Hertz, the so-called agent of Schalk, the plaintiff, and he is excluded. The court put this case upon the ruling of the Tanner case, 16 P. F. Smith 297; but in that case it was because the plaintiff claimed title to the thing in controversy through Tanner, who was dead, that Parker, one of the defendants, was excluded as a witness. Here we contended that the written evidence, the best evidence, the endorsements on the orders or vouchers, showed the title to the same to be in Hertz; but the plaintiff contended that the title was in Schalk and not in Hertz; and under the rulings of the court recovered on that ground.

*D. T. Watson,* for defendant in error.—Hostetter claimed title through Hertz to these orders in evidence. Hertz was the assignor to Hostetter of these certificates, and Hertz was dead. Hostetter, therefore, literally fell within the proviso to the Act of April 15th 1869, which says that "where the assignor of the thing or contract in action may be dead," the survivor shall not be allowed to testify, if a party to the case. Here the very things in dispute were the orders which Hostetter alleged Hertz had assigned to him (Hostetter); and Hertz being dead, how could Hostetter, a party to the record, be a competent witness? If Hostetter was a competent witness, he held a vantage ground over Schalk, who knew nothing of the dealings between Hostetter and Hertz. The rejection of Hostetter was in accordance with all the decisions of this court on this branch of the statute: Karns *v.* Tanner, 16 P. F. Smith 305; Pattison *v.* Armstrong, 24 Id. 478; Eshleman's Appeal, 24 Id. 48; McBride's Appeal, 22 Id. 483.

[Hostetter *v.* Schalk.]

Hostetter was not offered to prove anything that had happened between himself and Schalk.

Mr. Justice PAXSON delivered the opinion of the court, November 19th 1877.

The first assignment alleges error in excluding David Hostetter, the defendant, as a witness. The court ruled that he was incompetent to testify as to any matters prior to the death of Arnold Hertz. If Hertz was the " assignor of the thing or contract in action" within the meaning of the Act of 15th of April 1869, he was, of course, incompetent. Was he such assignor ? This was an action of trover and conversion brought by the plaintiffs against Dr. Hostetter, to recover the value of over three thousand barrels of oil, which it was admitted the latter had in his possession. The plaintiffs alleged and produced evidence tending to prove that this oil was purchased for them by Arnold Hertz, the latter acting as their agent, and paying for the oil by drafts drawn upon them. Hertz being in possession of the oil, transferred or endorsed over the accepted orders or certificates on the Pipe Line to Hostetter, as was alleged in payment for oil which he, Hertz, owed Hostetter. We have no doubt, upon this state of facts, had the suit been between Hostetter and the legal representatives of Arnold Hertz, deceased, in regard to this oil, the former would have been an incompetent witness. His claim of title was directly through Hertz as " the assignor of the contract or thing in action." Hence in a contest with the representatives of Hertz, his mouth would necessarily be closed as to matters prior to the death of Hertz. But the present contest is not between Hostetter and the legal representatives of Hertz, but between Hostetter and those who are entire strangers, and do not claim nor derive title through Hertz. They deny the title of Hertz absolutely and set up title in themselves. After having proved their title, and shown Hertz to be merely their agent, they interpose the objection of the competency of Hostetter as a witness. Were they entitled to do so ? In order to determine this question we must ascertain *what assignor* was intended by the act of 1869. We have not much in the cases decided under this act that bears upon this particular point. Yet there is something. It was said by the present chief justice in Karns *v.* Tanner, 16 P. F. Smith, 297, that " the true spirit of the proviso seems to be that when a party to a thing or contract in action is dead, and his rights have passed, either by his own act or by that of the law, to another who represents his interest in the subject of controversy, the surviving party to that subject shall not testify to matters occurring in the lifetime of the adverse party, whose lips are now closed." This language manifestly refers to a contention between the survivor and the legal representatives of the deceased party to the contract, or those claiming through or under them. It is difficult to see how a stranger to the contract

[Hostetter *v.* Schalk.]

can object to the competency of the survivor as a witness. It does not produce the inequality referred to in Karns *v.* Tanner. Hertz is not an adverse party, whose death closes the mouth of either party to this suit. It will be recollected that Dr. Hostetter was excluded upon the ground that he was an incompetent witness. What he was expected to prove was not stated. Had the offer been to show by him a conversation with Hertz in the absence of the plaintiffs, it would doubtless have been excluded on the ground that it was irrelevant, and could not affect them. The fact that such evidence would be irrelevant, and could not be received to affect the plaintiffs, is a persuasive reason why Dr. Hostetter was not an incompetent witness under the act of 1869.

We do not see any other serious errors in this record. But for the one referred to this judgment must be reversed.

Judgment reversed, and a *venire facias de novo* awarded.